**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAFAEL VILLAGOMEZ-NAVA,

Petitioner,

v. Case No. 3:26-cv-850-WWB-PDB

MARKWAYNE MULLIN, et al.,

Respondents.

# ORDER

Petitioner, an immigration detainee represented by counsel, is proceeding on an Amended Petition for Writ of Habeas Corpus, filed April 29, 2026. (Doc. 8). Petitioner asserts his mandatory detention under 8 U.S.C. § 1225 violates the Due Process Clause, the Immigration and Nationality Act, and bond regulations. (*Id.* at 10–15). As relief, he requests, in part, immediate release or "a prompt and constitutionally adequate bond hearing" at which the Government is to bear the burden of proof. (*Id.* at 2, 4, 15).

Federal Respondents filed a Response advising that on May 12, 2026, Petitioner received a bond redetermination hearing before an immigration judge ("**IJ**") under 8 U.S.C. § 1226(a), and they attached the IJ's order. (Doc. No. 13 at 1–2; *see also* Doc. 13-2 at 3). According to the immigration order, the IJ denied bond "[a]fter full consideration of the evidence presented," finding Petitioner posed a danger to the community. (*See* Doc. 13-2 at 3). Petitioner reserved his right to appeal that decision. (*Id.* at 4). As such, Federal Respondents argue the Amended Petition should be denied as moot. (*See* Doc. 13 at 1–2, 5).

In his Reply, Petitioner maintains this action is not moot because his specific requests for relief—release or a "[c]onstitutionally adequate bond hearing"—remain pending before this Court, despite that he received a bond hearing. (*See* Doc. 14 at 1). He complains that the IJ engaged in "no meaningful legal analysis of the *Guerra* factors" in finding he was a danger to the community because that finding was based solely on a 2026 conviction for driving under the influence. (*Id.* at 2–4 (citing *Matter of Guerra*, 24 I & N Dec. 37 (BIA 2006)). He further argues "there is a systemic lack of due process in removal proceedings." (*Id.* at 7).

Here, because Petitioner received a bond hearing after he filed his Amended Petition, the Court finds this action to be moot. This is so even if the bond hearing conducted in Petitioner's case is not the precise or sole relief he requests in his Amended Petition. First, Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))). Second, even though Petitioner requests in his Amended Petition that the burden be placed on the Government at any bond hearing, (*see* Doc. 8 at 4), the implementing regulations of § 1226(a) place the burden on the alien, *see* 8 C.F.R. §§ 236.1, 1003.19, 1236.1; *see also Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (explaining that, under applicable regulations, an "alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community").

To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the IJ's decision to the Board of Immigration Appeals. Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition (Doc. 8) is **DISMISSED as moot**.
2. The Clerk is **DIRECTED** to enter judgment dismissing the Amended Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on October 1, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: Counsel of Record